J. S. GIFFORD v. JOHN T. FAUBION.

[FILED JUNE 13, 1889.]

Verdict: EVIDENCE. There is no question of law presented. The evidence, as shown by the bill of exceptions, is examined, and *held*, to sustain the verdict of the jury for $105.94. The verdict and judgment having been for $118, the judgment is reversed unless defendant in error remit therefrom the sum of $13.06.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

*C. C. Flansburg,* for plaintiff in error.

*J. G. Thompson,* for defendant in error.

REESE, CH. J.

This cause was originally instituted before a justice of the peace in Harlan county. After trial it was appealed

to the district court, where it was agreed that the trial in
that court should be had upon the issues formed, or plead-
ings filed, before the justice of the peace.  By the bill of
particulars it was alleged that there were one hundred and
seventy-five dollars due from defendant in error to plaintiff
in error for money had and received, and which had not
been paid.  The answer of plaintiff in error consisted, first,
of a general denial, and second, a plea of settlement by which
it was found that nine dollars and forty-four cents were due
to defendant in error, which sum it was alleged had been ten-
dered to him.  It was conceded upon the trial that the ten-
der had been made and had been kept good.  A jury trial
was had which resulted in a verdict in favor of defendant
in error for the sum of one hundred and eighteen dol-
lars, for which, after a motion for a new trial had been
overruled, judgment was rendered.  Defendant below, as
plaintiff in error in this court, brings the cause for review
upon proceedings in error.  The only contention on the
part of plaintiff in error is that the verdict of the jury was
not sustained by sufficient evidence.  The evidence upon
which the case was submitted to the jury was conflicting,
and it was doubtless as impossible for them to harmonize
all the testimony as it would be for us to do so at the pres-
ent time.  Defendant in error testified in substance that he
held a note for five hundred dollars which he proposed sell-
ing to plaintiff in error, and which he did sell to him for
four hundred and fifty dollars ; that there was a sight
draft of forty-five dollars and sixty-one cents to be paid
by defendant in error, a note on defendant in error which
at that time amounted to seventy-eight dollars, and that
there was also deducted from the four hundred and fifty
dollars another note of thirty-two dollars, a claim for
twenty dollars, a note for thirty-two dollars and eighty-
three cents, another note for twenty-two dollars and sixty-
two cents, amounting in all to about two hundred and
eighty-one dollars, leaving a balance due defendant in error

of about one hundred and sixty-eight dollars, for which he claimed judgment; while upon the other hand it was contended by plaintiff in error that plaintiff and defendant had had a full and complete settlement, and it had been ascertained that the amount due to defendant in error from plaintiff in error was nine dollars and forty-four cents, and no more, and for this amount a tender was made.

Had the jury returned a verdict in favor of defendant in error for the one hundred and sixty-eight dollars claimed by him, we know of no rule of law which would authorize a reversal of the judgment upon the ground that the verdict was not sustained by sufficient evidence; for as well as testifying to the matter himself positively, he was corroborated by some other facts and circumstances which were developed in the trial. It is claimed by defendant in error, and was so claimed upon the trial, that upon the note of ninety-one dollars, which he admitted there was due the sum of seventy-eight dollars, usurious interest had been charged by plaintiff in error, and the principal question was whether or not it had been actually paid by defendant in error; and upon this point the court instructed the jury that if they found that defendant in error had voluntarily actually paid this money—this usurious interest—it could not be recovered back. But if it had not been paid, it could not be credited to plaintiff in error. Upon his cross-examination defendant in error testified that plaintiff in error "Tried to figure two per cent. interest upon him, and at that rate the note would amount to about one hundred and thirty-one dollars." In order to find in favor of defendant in error the jury must have adopted the theory of the case presented by him. But for the purpose of arriving at their verdict of one hundred and eighteen dollars, instead of one hundred and sixty-eight dollars, they must have found that the usurious interest was paid by him, and that he could not recover it back. If this was true, the whole amount with which defendant in error should have been charged

was three hundred and thirty-four dollars and six cents, instead of two hundred and eighty-one dollars and sixty cents, as testified to by him in his testimony.   The three hundred and thirty-four dollars and six cents deducted from the four hundred and fifty dollars, the purchase price of the note, would leave a balance due defendant in error of one hundred and five dollars and ninety-four cents.   It is quite probable that to this amount the jury added interest. But as there is no date given in the testimony from which to compute interest, and as there is no demand in the bill of particulars for interest, it is quite clear that interest could not be allowed, nor could it be computed, there being no data before the jury from which to make the computation.   Assuming, as we must, that the jury found that the usurious interest had been paid. by defendant in error and could not be recovered back, and that interest could not lawfully be computed upon the amount they. found due, it is apparent that the verdict of the jury was excessive, and was for thirteen dollars and six cents more than it should have been.   The judgment of the district court will therefore be reversed, unless defendant in error, within thirty days from this date, files a remittitur from the judgment, of thirteen dollars and six cents.   In case such remittitur is filed, judgment will be entered for one hundred and five dollars and ninety-four cents in favor of defendant in error.

JUDGMENT ACCORDINGLY.

THE other Judges concur.